IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA LIGUORI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-505-RP |
| | § | |
| KOMICO TECHNOLOGY, INC., LISA KIM, | § | |
| *in her individual capacity*, and ALBERTO LARA, | § | |
| *in his individual capacity*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiff Joshua Liguori's ("Plaintiff") Motion for Leave to Serve Defendant KoMiCo Technology, Inc. Through the Texas Secretary of State. (Mot., Dkt. 5). Plaintiff filed his Complaint in this action on March 2, 2026. (Compl., Dkt. 1). Summonses were issued for Defendants KoMiCo Technology, Inc. ("KoMiCo"), Lisa Kim, and Alberto Lara on March 12, 2026. (Summonses, Dkt. 4). In the instant motion, Plaintiff, who is proceeding pro se, asserts that his process server has been unable to serve Defendant KoMiCo's registered agent despite two good-faith attempts during normal business hours. (Mot., Dkt. 5, at 1).

Plaintiff attaches documentation from his process server explaining the two service attempts. During the first attempt, a receptionist for KoMiCo stated that Lisa Kim, who is both a defendant in this case and KoMiCo's "registered agent's direct supervisor," was in a meeting. (*Id.*). The process server left his contact information for Defendant Kim to contact him, but neither she nor any other authorized agent responded or accepted service. (*Id.*). During the second attempt to serve KoMiCo, the receptionist "stated that she would go find an agent to accept the papers and left the lobby, leaving the server waiting alone. [The server] remained in the lobby for 40 minutes; the receptionist did not return during that period." (*Id.*). The process server stated that this was "strange activity for

a receptionist," seemingly implying that Defendant KoMiCo was attempting to evade service. (Process Server Report, Dkt. 5, at 5). Based on these two failed service attempts by his process server, Plaintiff requests that this Court authorize Plaintiff to effectuate service on Defendant KoMiCo through the Texas Secretary of State pursuant to Texas Business Organizations Code § 5.251(1)(B). (*Id.* at 2).

Under Texas law, the Texas Secretary of State can be an agent of an entity for purposes of service of process if "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." Tex. Bus. Org. § 5.251(1)(B). The Court finds that Plaintiff has unsuccessfully tried to serve Defendant through its registered agent after trying to find the registered agent through reasonable diligence. Moreover, based on Plaintiff's allegations, it appears likely that Defendant KoMiCo is attempting to evade service. Therefore, Plaintiff may serve Defendant by effecting service on the Texas Secretary of State.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to Serve Defendant KoMiCo Technology, Inc. Through the Texas Secretary of State, (Dkt. 5), is **GRANTED**, such that Plaintiff may serve Defendant KoMiCo Technology, Inc. through the Texas Secretary of State. If Plaintiff requires a new summons to effectuate service on the Texas Secretary of State, Plaintiff may file a new request for summons with the appropriate information.

**SIGNED** on March 31, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2